93

B. P. Ducas Company
vs.                    } Law No. 39464
Charles Atteridge et al

February 12, 1918

BARROWS, J. Heard on jury trial waived.

The testimony consisted of correspondence supplemented by oral evidence. The declaration seeks to recover loss of profits for an alleged breach of a contract made in New York. The measure of damages is not disputed. It is set forth in Rhode Island General Laws, Chap. 265, Section 1, Sub-section 4, which is the same language used in the New York Sale of Goods Act.

The defence is,

First: That there was no material breach of the contract;

Second: That if any breach occurred, plaintiff waived it;

Third: That plaintiff failed to give notice of an election to rescind the contract; and

Fourth: That by cashing a certain check of the defendants, plaintiff accepted defendants proposed modification of the contract and that the contract as so modified has not been broken.

(Discussion)

Decision for plaintiff for $11,790.37.

For plaintiff: Green, Hinckley & Allen.

For defendants: Gardner, Pirce & Thornley and Greenough, Easton & Cross.

---

94

Mabel Brown
vs.                    } No. 39633
John B. Nash

February 13, 1918

SWEENEY, J. Heard on defendant's motion for a new trial.

(Action of trespass on the case for negligence to recover damages for personal injuries received by plaintiff while walking in a public place at Crescent Park by being hit with a bullet from a rifle in the hands of an attendant at a shooting gallery. Verdict for plaintiff for $7000.)

(Discussion)

The defendant's motion for a new trial of the case on the ground that the damages awarded are grossly excessive is granted upon the sole question of the amount of plaintiff's damage, unless the plaintiff shall, within seven days after the filing of this rescript, remit in writing so much of the verdict as is in excess of $5000. If the plaintiff does so remit the excess of said verdict, the defendant's motion for a new trial on this ground is also denied.

For plaintiff: Cunningham & O'Connell.

For defendant: Greenough, Easton & Cross.